IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEMK PRODUCTS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON AMENDED SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 24-cv-2229<br><br>Judge Matthew F. Kennelly |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on SEMK PRODUCTS LIMITED's Motion for a Preliminary Injunction against Defendants, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Amended Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's B.DUCK Trademarks and Copyright (the "B.DUCK Products").

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark infringement because (1) the B.DUCK Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register as U.S. Trademark Nos. 4,897,482 and 4,912,358 for the B.DUCK Trademarks and Plaintiff's registered Copyright VA 2-279-227 for the B.DUCK Copyright, (2) Defendants are not licensed or authorized to use B.DUCK Trademarks and Copyright, and (3) Defendants' use of the B.DUCK Trademarks and Copyright are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with SEMK PRODUCTS LIMITED. Furthermore, Defendants' continued and unauthorized use of the B.DUCK Trademarks and Copyright irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

a. using Plaintiff's B.DUCK Trademarks and Copyright or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine B.DUCK Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's B.DUCK Trademarks and Copyright;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine B.DUCK Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's B.DUCK Trademarks and Copyright;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's B.DUCK Trademarks and Copyright and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's B.DUCK Trademarks and Copyright or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof; and

      f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell Counterfeit B.DUCK Products;

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that it owns and/or operates (c) their financial accounts, including all Amazon.com, Inc. ("Amazon") eBay.com ("eBay.com"), Payoneer.com ("Payoneer"), PayPal.com ("PayPal"), and Temu.com ("Temu"), Walmart.com ("Walmart") accounts, and (d) the steps taken by that Defendant to comply with paragraph 1, a through f, above.

3. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Aliexpress, Alipay, DHgate, eBay, Fruugo, PayPal, Walmart, Wish, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounta, and domain name registrars, shall within three (3) business days of receipt of this Order:

      a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the B.DUCK Trademarks and Copyright, including any accounts associated with the Defendants listed in Amended Schedule A; and

      b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the B.DUCK Trademarks and Copyright;

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Amazon shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon accounts connected to the information listed in Amended Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. eBay shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any eBay accounts connected to the information listed in Amended Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Payoneer shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Payoneer accounts connected to the information listed in Amended Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. PayPal shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the information listed in Amended Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Temu shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Temu accounts connected to the information listed in Amended Schedule A hereto; and

      b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Walmart shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

      c. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Walmart accounts connected to the information listed in Amended Schedule A hereto; and

      d. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

11. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Vincent Cheung and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

12. Plaintiff's Schedule A to the Complaint [Dkt. No. 7], Exhibit 3 to the Declaration of Vincent Cheung [Dkt. Nos. 13-22] and the TRO [Dkt. No. 25] are unsealed.

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: April 17, 2024

_____
The Honorable Matthew F. Kennelly
U.S. District Judge

## AMENDED SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 1 | anybsgy |
| 2 | avitauy |
| 3 | basja9657 |
| 4 | best_deals-live |
| 5 | bestbuy2023-98 |
| 7 | chaoduuu |
| 8 | checkclick |
| 9 | deretak |
| 10 | eben1abh3 |
| 11 | el_196802 |
| 12 | ganamuli |
| 13 | ganeral |
| 14 | kingyut |
| 15 | laopde |
| 16 | lingdser |
| 17 | lxzens |
| 18 | malaks14 |
| 19 | Mega-store10 |
| 20 | monyaro |
| 21 | notablery |
| 22 | ombensh0 |
| 23 | poserta |
| 27 | sebas-214 |
| 28 | slindon |
| 29 | sowweny |
| 30 | yuewot |
| 31 | zo-776523 |
| 34 | AceGO |
| 35 | BOTE LLC |
| 36 | VASYL Flagship store |
| 37 | O Duck Home |
| 38 | amilagamanayake |
| 39 | brannon_32456 |
| 40 | buzzer_99 |
| 41 | chuan-5861 |
| 43 | dan26cong |
| 44 | dertoun |
| 45 | elnuraliev |
| 46 | elsiaeb6 |
| 47 | faiesse |
| 48 | helloyoung.world |
| 49 | huo6785 |
| 51 | litalroz |
| 52 | liuby323 |
| 53 | lukzimmerma_5 |

9

| 54  | lunarxenterprises |
|-----|-------------------|
| 55  | mhfftjj |
| 56  | mra050 |
| 59  | rasha9009 |
| 60  | royouliel_5 |
| 63  | tssds_store |
| 64  | us.factory |
| 65  | yallabo |
| 66  | yathna20 |
| 68  | Aosuote-US |
| 71  | Benton Co., Ltd |
| 72  | Blinglin |
| 73  | Canada |
| 74  | chaoyangyongheyi |
| 75  | Cozybomb |
| 76  | CYSJ |
| 77  | dongfaoiio |
| 79  | EnShiShiYIZUBaiHuoLingShouYouXianGongSi |
| 80  | ENSHIZHOUCHUIZISHANGMAOYOUXIANGONGSI |
| 81  | FAYOGOO Inc |
| 82  | Foxswov-online |
| 87  | Heng Fei |
| 89  | HuenFon(Fast Delivery 7 - 15 Days) |
| 90  | I'll throw it away |
| 93  | Kanoyavv |
| 94  | Leestor-age |
| 95  | letkidfun |
| 96  | LIUZIZHPY |
| 97  | Locisne |
| 98  | lyyyzz1 |
| 100 | MSVDT |
| 101 | Muised |
| 102 | NEXTAKE-US |
| 103 | Nuo Mai |
| 104 | pengmiaodexiaodian |
| 105 | putianshilichengquguankaiweimaoyi |
| 107 | QYiD |
| 108 | Ruixiang Court |
| 109 | RUNOU TECH |
| 113 | Solasi Direct |
| 116 | TORASASI |
| 117 | US EZLlife |
| 118 | US Trade Store |
| 119 | wanhuidengju |
| 120 | WCY1999 |
| 121 | Weiei US |
| 122 | WW88 |
| 123 | Xemz |

10

| | |
|---|---|
| 125 | XUXE |
| 126 | xzhhhqq |
| 127 | Yowein |
| 128 | zhubnys |
| 145 | Baby Song |
| 147 | MAIYA TOY |
| 148 | MAT Direct |
| 149 | MINI TOYS |
| 150 | Okley |
| 151 | Smile Factory |
| 153 | Wimnner |
| 154 | ZONXIN |
| 155 | Amacok |
| 156 | clackibukvyz |
| 158 | Dowell Network |
| 159 | DSstyles |
| 160 | EOTVIA STORE |
| 161 | Funicet |
| 162 | Grianlook |
| 164 | haakaa |
| 165 | JenniferLiz |
| 166 | Jingxin |
| 167 | JYCKJ |
| 168 | Leshida Co., Ltd |
| 169 | Mingsi Cosmetics Co., Ltd |
| 170 | MMolecule |
| 171 | Nightingale |
| 172 | Pacinoble |
| 173 | QWANG SEA |
| 174 | SainSpeed |
| 175 | Seenda |
| 176 | SYHW Store |
| 177 | VOLTENICK |
| 178 | Yanyijiang |
| 179 | YR Technology |
| 180 | Zhuoshengben., Ltd |